1  Wesley H. Avery, Esq. CLS-B (SBN 155724)
   Lucy Mavyan, Esq. (SBN 260811)
2  **LAW OFFICES OF WESLEY H. AVERY, APC**
   758 E. Colorado Blvd. Ste. 210
3  Pasadena, CA 91101-2105
   (626) 395-7576 (office)
4  (661) 430-5467 (fax)
5  Attorney for John J. Menchaca, chapter 7 trustee

6

7  *Fortis est veritas*

FILED & ENTERED

MAR 20 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin     DEPUTY CLERK

**CHANGES MADE BY COURT**

8           UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10

11 In re

12 SILVA AGASYAN, an individual,

13 Debtor.

14 SSN XXX-XX-4548

Case No. 2:22-bk-16660-NB
Chapter 7

**ORDER GRANTING TRUSTEE'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS [11 U.S.C. § 363(f)]**

Date:     March 7, 2023
Time:    11:00 a.m.
Place:    U.S. Courthouse
          Courtroom 1545
          255 E. Temple St.
          Los Angeles, CA 90012

19 **IN SAID DISTRICT, AT LOS ANGELES, CALIFORNIA, ON THE DATE ASCRIBED**

20 **BELOW:**

21     The motion filed on February 14, 2023 as document # 51 (the "Motion") by John J.
22 Menchaca, the duly appointed and acting chapter 7 trustee (the "Trustee" or "Seller") of the
23 bankruptcy estate (the "Estate") of the above-captioned debtor Silva Agasyan, an individual (the
24 "Debtor"), in Case No. 2:22-bk-16660-NB (the "Bankruptcy Case"), came on for regular hearing at
25 the time, date and courtroom stated above (the "Sale Hearing"). Appearances were as stated on the
26 record. Any opposition to the Motion was overruled at the Sale Hearing. A copy of the Court's
27 tentative ruling on the Motion is attached hereto and incorporated herein as **Exhibit 1**.

28

The Court has considered: (i) the Motion; (ii) the proceedings which occurred at the Sale Hearing; ~~and~~ (iii) the arguments, representations and statements of counsel and the recommendation of the Trustee<u>; and (iv) the supplemental papers/declarations (dkt. 78, 79)</u>, and with good cause shown, the Court hereby finds as a matter of fact, and concludes as a matter of law, that:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to consider and approve the sale (the "Sale") of that single family residence commonly known as 3506 Haven Way, Burbank CA 91504 bearing Los Angeles County Assessor's Parcel Number Real 2471-048-011 in the City of Burbank, County of Los Angeles, State of California, described as follows:

> LOT 56 OF TRACT NO. 36059, IN THE CITY OF BURBANK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1018, PAGES 64 THROUGH 71 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

together with any fixtures, improvements or personal property found thereon (collectively, the "Purchased Assets" or "Property"). The Sale of the Purchased Assets is on an "as is, where is" basis, without any warranties either express or implied, free and clear of liens, interests and encumbrances.

2. The consideration of the Motion and the entry of this Order in furtherance and approval thereof constitute "core proceedings" within the meaning of 28 U.S.C. § 157(b)(2)(N) and (O).

3. Proper, timely, adequate, and sufficient notice of the Motion, the Sale and the Sale Hearing has been provided in accordance with 11 U.S.C. § ("Section") 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004; such notice was good and sufficient; and no other or further notice of the Motion or the Sale Hearing is required. As set forth in the declarations of service filed with this Court in connection with the Motion, notice of the hearing on the approval of the Motion (the "Notice") and a complete copy of the Motion, and all supporting declarations and pleadings filed by the Trustee in connection with the Motion, were duly served on (a) the Debtor and the Debtor's counsel, (b) all creditors and interested parties, (c) each entity known to the Trustee to

assert a lien, encumbrance or other interest in, or claim to, the Purchased Assets affected by this Order, and (d) the Office of the United States Trustee, all in accordance with Fed. R. Bankr. P. 2002(a)(2), 2002(c)(1), 2002(k) and 6004(a).

4.   A voluntary chapter 7 bankruptcy petition was filed by the Debtor on December 6, 2022 and Menchaca was subsequently appointed as Trustee. Prepetition the Property was the subject of that certain purchase and sale agreement (the "Agreement" or the "Offer") for a selling price of $2,650,000 (the "Gross Sale Proceeds" or "Purchase Price"), with the Debtor as the seller and Mourad Aziz and Maha Maksemous as buyer (collectively, "Aziz" or "Buyer"), designated as escrow no. 110-183151-NG (the "Escrow") with Glen Oaks Escrow, 6100 San Fernando Road, Glendale CA 91201 ("Glen Oaks Escrow"). The brokers of record for the Agreement were California Prime Realty (the "CPR") for Aziz and Rockwell Properties ("Rockwell") for the Debtor. The Trustee is not assuming the Agreement.

5.   A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including without limitation to the Debtor.

6.   Aziz has tendered a bid deposit of $79,500.00 and submitted further funds of $2,571,679.21 into the Escrow which exceed the Purchase Price. As such the Offer from Aziz is an all cash offer.

7.   The Trustee engaged in fair and reasonable marketing, advertising and other sale efforts and procedures in connection with the sale of the Purchased Assets, which efforts and procedures enable the Estate to obtain a fair and reasonable price for the Purchased Assets under the circumstances of this case. In connection with the proposed sale, the Trustee complied with all sale procedures established or required by the Court.

8.   There were no overbidders at the Sale Hearing to overbid for the Purchased Assets. As such, the highest and best offer for the Purchased Assets was the one received from the Buyer for a price of $2,650,000.00, on an "as is, where is" basis, without any warranties either express or implied, free and clear of liens, interests and encumbrances.

9. Pursuant to an order of the Court entered on February 9, 2023 (dkt. 49, the "2/9/23 Order"), through Escrow a 3% brokerage fee of the Gross Sales Proceeds shall be paid to Rockwell and a 3% brokerage fee of the Gross Sales Proceeds shall be paid to CPR (collectively, the "Brokerage Commissions").

10. An estimated closing statement for the Sale, as prepared by the Escrow, is attached hereto and incorporated herein as **Exhibit 2** (the "Seller's Estimated Closing Statement"). By the Motion and the Sale through the Escrow, the Trustee proposes to pay the (i) Brokerage Commissions, (ii) the first and second deeds of trust of record, (iii) property taxes, (iv) tax liens, (v) applicable per diems, pro-rations, additional interest, transfer taxes or fees, recording fees, title insurance premiums, closing costs, half of the cost of the Escrow, and all other reasonable and customary costs of sale to be paid by the Seller which are necessary and proper to conclude the Sale that are customarily paid by a residential seller, leaving net proceeds (the "Net Proceeds") to be paid to the Trustee subject to distribution by further order(s) of the Court.

11. Pursuant to Section 363(f)(4), the Sale of the Property shall be free and clear of liens asserted by Madrid Equipment Rental, Inc., a California corporation, including without limitation a claim of lien recorded November 8, 2021 as Instrument No. 21-1665782 Official Records of the County of Los Angeles, State of California by Madrid Equipment Rental, Inc. in the amount of $55,000.00 (the "MER Lien").

12. Pursuant to the 2/9/23 Order and Section 363(f)(2), the Sale of the Property is free and clear of liens, encumbrances and interests asserted by Schweitzer Law Partners, a California Professional Corporation ("SLP"), Mr. Henrik Agasyan, an individual ("Henrik") and Boyamian Law, Inc., a California corporation ("BL"), as follows (collectively, together with the MER Lien, the "Disputed Liens, Encumbrances and Interests"):

    a. A Notice of Lis Pendens that was filed in Los Angeles Superior Court Case NO. 19STFL15220 by Henrik Agasyan and recorded on January 29, 2020 in Los Angeles County, State of California as document # 2020113758 (the "1/29/20 NLP");

b.    A deed of trust to secure an indebtedness in the amount of $120,000.00 dated March 17, 2021, Trustor/Grantor: Henrik Agasyan, Trustee: Fidelity National Title, a California Corporation, Beneficiary: Schweitzer Law Partners, APC, Recording Date: May 10, 2021, Recording No: 20210742830 of the Official Records of the County of Los Angeles, State of California (the "5/10/21 Deed of Trust");

c.    A deed of trust to secure an indebtedness in the amount of $120,000.00 dated January 12, 2022, Trustor/Grantor: Henrik Agasyan, Trustee: Fidelity National Title, a California Corporation, Beneficiary: Schweitzer Law Partners, APC, Recording Date: February 1, 2022, Recording No: 20220127984 of the Official Records of the County of Los Angeles, State of California (the "2/1/22 Deed of Trust");

d.    An attorney's lien to secure an indebtedness in the amount of $100,000.00 in which the claimant is Boyamian Law, Recording Date: March 14, 2022, Recording No: 20222911469 of the Official Records of the County of Los Angeles, State of California (the "3/14/22 Lien");

e.    A Notice of Lis Pendens that was filed in Los Angeles Superior Court Case NO. 19STFL15220 by Henrik Agasyan and recorded on May 2, 2022 in Los Angeles County, State of California as document # 20220475778 (the "5/2/22 NLP");

f.    A deed of trust to secure an indebtedness in the amount of $120,000.00 dated June 29, 2022, Trustor/Grantor: Henrik Agasyan, Trustee: Fidelity National Title, a California Corporation, Beneficiary: Schweitzer Law Partners, APC, Recording Date: July 19, 2022, Recording No: 20220738256 of the Official Records of the County of Los Angeles, State of California (the "6/29/22 Deed of Trust");

the liens, encumbrances and interests asserted by SLP, Henrik or BL, including the 1/29/20 NLP,

1  the 5/10/21 Deed of Trust, the 2/1/22 Deed of Trust, the 3/14/22 Lien, the 5/2/22 NLP and the 6/29/22 Deed of Trust shall attach to the Net Proceeds pending adjudication of the validity, priority and amount of same in a separate proceeding.  The $33,650 wildcard exemption of the Debtor scheduled on December 10, 2022 shall also attach to the Net Proceeds subject to further order of this Court.

13.    Notwithstanding the foregoing paragraph concerning relief under Section 363(f)(2), this order shall not constitute the Court's findings about the character of the ownership of the Purchased Assets (i.e., separate property or community property), the propriety of liens asserted thereon or of interests asserted therein, or of the parties' positions thereto.

14.    Aziz is not related to the Debtor nor to the Trustee.  Neither the Trustee nor Aziz engaged in any conduct that would cause or permit the Sale to be invalidated or avoided under Section 363(n).  Accordingly, upon consummation of the Sale, Aziz is a buyer in "good faith" within the meaning of Section 363(m) and as such is entitled to the protections afforded thereby.

15.    The terms and conditions of the sale transaction as provided for in the Sale are fair and reasonable; entry into the Sale on behalf of the Estate is a sound exercise of the Trustee's reasonable business judgment; and the Sale is in the best interests of creditors, interest holders and the Estate.

16.    Based on the record in this case, the findings of fact and conclusions of law set forth above and stated on the record pursuant to Bankruptcy Rules 9014 and 7052, and good cause appearing therefor,

**IT IS HEREBY ADJUDGED AND ORDERED THAT:**

A.    The Motion is granted;

B.    The terms, conditions and transactions of the Sale are hereby approved to all respects, and the Seller is hereby authorized under Section 363(f) and (m) to sell the Purchased Assets to the Buyer on an "as is, where is" basis, without any warranties, either express or implied, and without any contingencies, free and clear of liens, interests and encumbrances pursuant to Section 363(f) and Fed. R. Bankr. P. 6004 for a period of 30 (thirty) days following the entry of this

1 Order;

2     C.    The following sums shall be paid from the Gross Sales Proceeds at the close of the Escrow:

    1.    All liens and encumbrances of record against the Property except for the Disputed Liens, Encumbrances and Interests As commanded by the 2/9/23 Order, which are as follows:

    a.    Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2023-2024;

    b.    Property taxes, including any personal property taxes and any assessments collected with taxes, are as follows: Code Area: 02530, Tax Identification No.: 2471-048-011, Fiscal Year: 2022-2023, 1st Installment: $9,094.01 Delinquent + Penalty $909.40, 2nd installment: $9,094.01;

    c.    The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 (commencing with Section 75) or Part 2, Chapter 3, Articles 3 and 4, respectively, of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the Debtor;

    d.    The deed of trust to secure an indebtedness in the amount of $1,188,000.00, dated: July 19, 2019, Trustor/Grantor: Silva Agasyan, A Married Woman As Her Sole and Separate Property, Trustee: Lawyers Title Burbank, Beneficiary: Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for Parkside Lending LLC, Loan No.: LW1906001632, Recording Date: July 25, 2019, Recording No.: 20190730010, of Official Records of the County of Los Angeles, State of California; Assignment of the beneficial interest under said deed of trust which names: Assignee: Willington Savings Fund Society FSB as a Trustee for PSMC 2019-2 Trust, Recording Date: July 1, 2022, Recording No.: 20220686731, of Official Records;

e. The deed of trust to secure an indebtedness in the amount of $400,000.00, dated: September 5, 2019, Trustor/Grantor: Silva Agasyan and Henrik Agasyan, Married to Each Other, Trustee: U.S. Bank Trust Company, Beneficiary: U.S. Bank National Association, Loan No.: 0001722789; Recording Date: October 4, 2019, Recording No: 20191054025, of Official Records of the County of Los Angeles, State of California;

f. A lien for unsecured property taxes filed by the tax collector of the County of Los Angeles, Fiscal Year: 2017-2018, Taxpayers Henrik Agasyan and Silva Agasyan TRS, County ID No.: 18073-00012, Amount: $530.10, Recording Date: March 15, 2018, Recording No. 20180248998, of Official Records of the County of Los Angeles, State of California;

g. A lien for unsecured property taxes filed by the tax collector of the County of Los Angeles, Fiscal Year: 2017-2018, Taxpayers Henrik Agasyan and Silva Agasyan TRS, County ID No.: 18073-00013, Amount: $1,184.64, Recording Date: March 15, 2018, Recording No. 20180248999, of Official Records of the County of Los Angeles, State of California;

2. The Broker Commissions; and

3. Applicable per diems, pro-rations, additional interest, transfer taxes or fees, recording fees, title insurance premiums, closing costs, half of the cost of the Escrow, and all other reasonable and customary costs of sale to be paid by the Seller which are necessary and proper to conclude the Sale that are customarily paid by a residential seller;

D. The Trustee is hereby authorized to (1) perform under, consummate and implement the Sale, (2) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, (3) take all further actions as may be necessary or appropriate for the purpose of assigning, transferring, granting or conveying the Purchased Assets as contemplated by the Sale, and (4) take such other and further steps as are contemplated by the Sale or reasonably required to fulfill the Trustee's obligations under the Sale, all without further order of this Court;

E. This Court shall and hereby does retain jurisdiction to (1) enforce and implement the terms and provisions of the Sale, all amendments thereto, any waivers and consents thereunder, and any other supplemental documents or agreements executed in connection therewith, (2) compel delivery and payment of the consideration provided for under the Sale, (3) resolve any disputes, controversies or claims arising out of or relating to the Sale, and (4) interpret, implement, and enforce the provisions of this Order;

F. Notwithstanding Fed. R. Bankr. P. 6004(h), this Order shall be effective immediately;

G. Pursuant to Section 363(m), Aziz is deemed a good faith purchaser, and absent a stay of this Order pending appeal, the reversal or modification on appeal of this Order, or any provision thereof, shall not affect the validity of the Sale transaction approved hereby which is consummated prior to such stay, reversal or modification on appeal.

###

Date: March 20, 2023

Neil W. Bason
United States Bankruptcy Judge

Exhibit 1

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, March 7, 2023      Hearing Room   1545

**11:00 AM**
**2:22-16660**    **Silva Agasyan**      **Chapter 7**

    #2.00    Hrg re: Trustee's Motion to Sell Property of the
              Estate Free and Clear of Liens Under Section 363(f)

                   Docket     51

**Tentative Ruling:**

     <u>Appearances required</u>. Conditionally grant the motion subject to (i) any overbids at the hearing, (ii) the terms and conditions set forth in this Court's Order authorizing the Trustee's application to employ real estate broker (dkt. 49), (iii) the conditions set forth in U.S. Bank's and Cenlar's non-oppositions (dkt. 59, 70), (iv) the Trustee filing and serving a declaration with an estimated closing statement as set forth below, (v) the Trustee filing a "good faith" declaration under 11 U.S.C. 363(m) as set forth below, and (vi) resolution of any dispute regarding distributions to Boyamian Law, Inc. ("Boyamian"), as set forth below.

         <u>Proposed order(s)</u>: Unless otherwise ordered, the Trustee is directed to lodge proposed order(s) on the foregoing matter(s) via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's final ruling.

     <u>Key documents reviewed</u> (in addition to motion papers): Order authorizing the Trustee's application to employ real estate broker (dkt. 49), U.S. Bank's non-opposition (dkt. 59), Limited response of Boyamian Law, Inc. (dkt. 66 & 67), Trustee's reply (dkt. 69), Cenlar's conditional non-opposition (dkt. 70)

     *Analysis*: The tentative ruling is to grant the sale motion and conditionally authorize a sale free and clear (11 U.S.C. 363(b) & (f)(2)&(4)), subject to overbids.

     (a) <u>Updated closing statement and preliminary title report</u>
            The Trustee states that "Glen Oaks Escrow has declined to provide the Trustee with updated escrow document or an updated preliminary title report for the Sale and instead is waiting to see if the Motion is granted." Motion

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, March 7, 2023                                                                Hearing Room    1545

**11:00 AM**
**CONT...**     **Silva Agasyan**                                                         **Chapter 7**

        (dkt. 51) p. 2:16-18.  The tentative ruling is that, prior to lodging a proposed order, the Trustee must file and serve on all lienholders revealed in the updated preliminary title report a declaration with the updated estimated closing statement and the updated title report attached.

        In addition, the tentative ruling is that all lienholders must be served via overnight mail or delivery or (if they consent) via email, and they will have a period of three calendar days after receipt of such notice to file and serve on the Trustee any objection to the proposed dollar amounts listed in the escrow statement.  Nothing in the immediately preceding sentence is intended to preclude the Trustee, prior to expiration of that three day period, from lodging a *stipulated* order, or an order that otherwise protects the rights of lienholders (*e.g.*, by holding the net proceeds available for *all* lienholders in a disputed claims reserve until precise dollar amounts of *each* lien can be determined).

    (b) "Good faith" finding

        The tentative ruling is to conditionally grant the request for a "good faith" finding (11 U.S.C. 363(m)) subject to Mourad Aziz and Maha Maksemous, if they are the successful bidders at the hearing and, alternatively, the successful bidder or backup bidder, filing declaration(s) providing sufficient evidence of such good faith (*see* the posted Procedures of Judge Bason, available at www.cacb.uscourts.gov).  The tentative ruling is that any such declarations must be filed before the Trustee lodges any proposed order including a "good faith" finding.

    (c) Limited response of Boyamian

        Lienholder Boyamian has filed a limited response (dkt. 66) requesting that, "[t]o the extent there is no dispute concerning the validity and amount of [its] FLARPL [*i.e.*, its lien listed at item 18 on the preliminary title report attached to the Motion], [Boyamian's] secured claim should be paid in full upon the consummation of a sale of the Property."  Boyamian Resp. (dkt. 66) p. 2:4-6.  The tentative ruling is that it is too late for Boyamian to withdraw its consent.

        The reasons why it appears to be too late are as follows.  Boyamian's consent was reflected in a filed declaration of the Trustee (dkt. 48, p. 2:1-4) that was served on Boyamian (*id.*, at PDF p. 4).  In reliance on that consent this Court issued its order providing for a sale under 11 U.S.C. 363(f)(2), within its order authorizing the terms of employment of the Trustee's real

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, March 7, 2023**                                                              **Hearing Room    1545**

11:00 AM
**CONT...    Silva Agasyan**                                                                            **Chapter 7**

estate broker (*see* Order, dkt. 49, p. 3:2-7, reproduced as Ex. 3 to Motion, dkt. 51, at PDF pp. 19 *et seq.*). In addition, in reliance on Boyamian's consent the Trustee has noticed the Motion. In these circumstances, the tentative ruling is that Boyamian has waived and forfeited any argument that it should be paid out of escrow.

Of course, all rights are reserved for Boyamian and the Trustee to litigate (or otherwise resolve) any disputes about whatever it should be paid out of any disputed claims reserve. In addition, if the Trustee has no good reason, after completing his due diligence, to withhold funds that would otherwise go to Boyamian, then presumably such funds should be paid to Boyamian either out of escrow or soon thereafter. But the tentative ruling is that those issues are not properly before this Court at this time because of Boyamian's consent.

(d) <u>Waiver of 14-day stay</u>
The tentative ruling is to grant the request to waive the 14-day stay provided by Rule 6004(h) (Fed. R. Bankr. P.).

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted Tentative Rulings.

**Party Information**

**Debtor(s):**

Silva Agasyan                                    Represented By
                                                 Stella A Havkin

**Trustee(s):**

John J Menchaca (TR)                             Represented By
                                                 Wesley H Avery

# Exhibit 2



# Glen Oaks Escrow
6100 San Fernando Road
Glendale, CA 91201
(818) 502-0400

## Seller's Estimated Closing Statement

| | | | |
|---|---|---|---|
| **Property** | 3506 Haven Way<br>Burbank, CA 91504 | **Escrow Officer** Nazeli Grigorian<br>**Seller** John J. Menchaca, Trustee of Estate of Silva Agasyan | **Prepared** 03/13/2023<br>**Closing** 03/17/2023<br>**Disbursement Date** 03/17/2023 |
| **Escrow #** | 110-183151-NG | | |
| **Title #** | 00364856-994-VNO-1AW | | **Title by** Fidelity National Title Company |

| | Debit | Credit |
|---|---:|---:|
| **Primary Charges & Credits** | | |
| Sales Price of Property | | $2,650,000.00 |
| | | |
| **Prorations/Adjustments** | | |
| County Taxes ($9,094.01) 03/17/2023 to 07/01/2023 | | $5,254.32 |
| | | |
| **Payoffs/Payments** | | |
| Payoff to Cenlar | $1,165,450.49 | |
|   Principal : $1,121,065.70 | | |
|   Interest through 3/17/2023: $18,801.12 | | |
|   Statement Fee: $120.00 | | |
|   Recording Fee: $190.00 | | |
|   Escrow Overdraft: $25,273.67 | | |
| Payoff to US Bank - HELOC | $416,309.35 | |
|   Principal : $413,163.71 | | |
|   Interest through 3/17/2023: $3,145.64 | | |
| | | |
| **Government Recording and Transfer Charges** | | |
| Documentary Transfer Tax (County Deed Taxes) to Los Angeles County Recording Office | $2,915.00 | |
| Reconveyances to Los Angeles County Recording Office | $500.00 | |
| | | |
| **Commissions** | | |
| Listing Agent Commission to Rockwell Properties | $79,500.00 | |
| Selling Agent Commission to California Prime Realty | $79,500.00 | |
| | | |
| **Title Charges** | | |
| Owner's Title Insurance to Fidelity National Title Company | $4,180.00 | |
| Sub Escrow Fee to Fidelity National Title Company | $125.00 | |
| Wire Fee to Fidelity National Title Company | $30.00 | |
| | | |
| **Escrow Charges** | | |
| Escrow Processing Fee/Doc Prep Fee to Glen Oaks Escrow | $190.00 | |
| Settlement or Closing Fee to Glen Oaks Escrow | $6,277.50 | |
| | | |
| **Miscellaneous Charges** | | |
| Natural Hazard Disclosure Report to MyNHD, Inc. | $94.95 | |
| Notary Fee paid by GOE to Levon Petrosyan | $125.00 | |
| Release of Lien to LA County Registrar-Recorder | $40.00 | |
| Property Taxes - 1st Installment plus penalty 22/23 | $10,003.41 | |
| Property Taxes - nd Installment 22/23 | $9,094.01 | |

|  | Debit | Credit |
|---|---|---|
| Subtotals | $1,774,334.71 | $2,655,254.32 |
| Due to Seller | $880,919.61 |  |
| Totals | $2,655,254.32 | $2,655,254.32 |